**UNITED STATES of America,**
**Appellee,**

v.

**Eddie Manual SANTIAGO,**
**Defendant–Appellant.**

**Docket No. 01–1296.**

United States Court of Appeals,
Second Circuit.

April 10, 2002.

Diane Gujarati; Jamie L. Kogan, on the brief, Assistant United States Attorneys, for Mary Jo White, United States Attorney for the Southern District of New York, for Appellee.

Baltazar Salazar, Houston, TX, for Defendant–Appellant.

Present OAKES, VAN GRAAFEILAND and KATZMANN, Circuit Judges.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

The defendant appeals from the judgment of conviction entered by the district court after he pleaded guilty on January 4, 2001 to conspiring to distribute and possessing with the intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(A), and 846. On May 25, 2001, the district court sentenced the defendant to 135 months' imprisonment, five years' supervised release, and a $100.00 special assessment. The district court based this sentence on his finding that the defendant agreed to sell 30 kilograms of cocaine.

The defendant argues that the district court erred in sentencing him based upon the agreed-upon quantity of 30 kilograms of cocaine because (1) he was not reasonably capable of providing that amount and (2) he had in fact consummated a sale for one kilogram of cocaine.[1] The defendant's first argument fails. The record undeniably shows that the appellant agreed on the price, terms of delivery, terms of payment, and transportation for 30 kilograms of cocaine with an undercover agent. Moreover, appellant's counsel conceded that the appellant had agreed to deliver 30 kilograms of cocaine. The defendant's second argument must also be rejected. The one kilogram was a sample, no money was exchanged for the one kilogram, and the defendant retained the one kilogram. Therefore, the district court properly concluded that the defendant had not consummated a sale of 1 kilogram of cocaine.

We have considered all of the defendant's contentions that are properly before us and have found that they are without merit. The judgment of the district court is therefore AFFIRMED.

---

1. The defendant bases his argument on U.S.S.G. § 2D1.1, cmt. note 12, which provides:

   In an offense involving an agreement to sell a controlled substance, the agreed-upon quantity of the controlled substance shall be used to determine the offense level unless the sale is completed and the amount delivered more accurately reflects the scale of the offense.... If, however, the defendant establishes that he or she did not intend to provide, or was not reasonably capable of providing, the agreed-upon quantity of the controlled substance, the court shall exclude from the offense level determination the amount of controlled substance that the defendant establishes that he or she did not intend to provide or was not reasonably capable of providing.